**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-1249

———————————

YVONNE RALEY,
            Appellant

v.

FELICIAN COLLEGE

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2:15-cv-06626)
District Judge: Honorable Madeline Cox Arleo

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 5, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*

(Opinion filed:  March 16, 2020)

———————————

OPINION[*]

———————————

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Yvonne Raley appeals the District Court's grant of summary judgment in favor of her former employer, Felician College, on her Title VII gender discrimination claim. Raley argues the District Court erred in holding, first, that she had not established a prima facie case of discrimination,[1] and second, that she failed to demonstrate Felician's reason for her termination was pretextual. We resolve this case on the second ground: Raley's failure to demonstrate that Felician's reason for her termination was pretextual is fatal to her case. For the reasons that follow, we will affirm.

## I.    Discussion[2]

We review the grant of summary judgment here de novo and will affirm if "there is no genuine dispute as to any material fact" and, viewing the facts in the light most favorable to Raley, Felician is nonetheless "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Felician asserts that it had a legitimate, nondiscriminatory reason for terminating Raley's employment: a drop in student enrollment precipitated a schoolwide reduction-in-force and Raley was selected for termination based on a holistic assessment of criteria,

---

[1] Specifically, Raley asserts that she established her prima facie case by identifying at least two similarly situated comparators, Drs. Khawaja and Abaunza, who had less seniority and were not terminated. Felician argues that the District Court correctly concluded that neither comparator was similarly situated because, unlike Raley, they both had administrative duties in addition to their classroom responsibilities. In view of our disposition on alternative grounds, we need not resolve that dispute.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291.

including "academic prioritization; essentiality to the program; teaching effectiveness; service to the university; credentials; scholarship, and seniority." Def.'s Statement of Material Facts ¶¶ 35–36, ECF No. 50-21. To defeat summary judgment, Raley must show that Felician's proffered reason was pretextual by "point[ing] to evidence that would allow a factfinder to disbelieve the employer's reason[s]."[3] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). On appeal, Raley advances two principal arguments. Neither is persuasive.

First, she argues that two Felician administrators disputed Felician's claim that it was in dire economic straits. These administrators stated Felician's enrollment projections were "trending upward" and that the financial strain Felician faced at the time of Raley's termination was not "materially different" from prior dips in enrollment that the college weathered successfully. *See* Kubersky Aff. ¶ 12, ECF No. 56-3; Back Aff. ¶ 8, ECF No. 56-4. But those same administrators testified that they either were not privy to discussions about Felician's financial condition or had not reviewed the college's financial data. Without any substantial ground for challenging Felician's description of its financial state, these administrators' comments do not suffice to demonstrate that Felician's proffered reason for Raley's termination was pretextual.

---

[3] Raley does not point to evidence that "an invidious discriminatory reason was more likely than not a motivating or determinative cause" as an alternative way to show pretext. *Willis*, 808 F.3d at 645 (internal quotation marks and citation omitted).

Second, Raley points out that prior to her termination, a Felician taskforce had ranked her department in the top quintile of its departments, and she was teaching more students than any other faculty member in her department. This evidence does not discredit Felician's economic motive for Raley's termination. The question before us "is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." *Willis*, 808 F.3d at 647 (alteration in original) (citation omitted). Considered alongside the other steps Felician took to cut its operating budget—including firing at least fifteen other professors, half of whom were men, and decreasing administrative positions schoolwide—this evidence is insufficient to support an inference that Felician's reason for terminating Raley's contract was pretextual.

## II. Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in Felician's favor.